## J. M. ROWE v. STATE.

No. A-5601.   Opinion Filed May 26, 1926.
(246 Pac. 488.)

M. S. Simms, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM.   The plaintiff in error was convicted on a charge that on January 10, 1925, in the city

of Tulsa, he did have in his possession intoxicating liquor with intent to sell the same, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and be confined in the county jail for 30 days.

To reverse the judgment, appellant assigns as grounds the insufficiency of the affidavit upon which the search warrant issued, and the invalidity of the search warrant under which the evidence offered by the state was obtained.

Prior to the opening of the trial, appellant filed a motion to suppress the evidence on the ground that the affidavit for a search warrant is made upon information and belief, and states mere conclusions of the affiant, and fails to state any of the exceptions of section 7013, C. S. 1921, in that it fails to state that appellant's residence is used as a store, shop, hotel, boarding house, or place for storage, and fails to state that such residence is a place of public resort.

An examination of the record supports the contention made. Under the law clearly established by the great weight of authority in the federal and state courts, and followed by numerous decisions of this court, the affidavit and search warrant issued pursuant thereto was void, and it was error to permit the state to introduce in evidence the intoxicating liquor illegally seized.

With the evidence obtained by the unlawful search stricken from the record, there is no evidence remaining which warrants a conviction.

The judgment of the lower court is accordingly reversed.